IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00291-WYD-CBS

SARAH HEIN,

    Plaintiff,

v.

AT&T OPERATIONS, INC.
DAVID OHRN and MICHAEL HENRY,

    Defendants.

## STIPULATED E-DISCOVERY PLAN

Plaintiff Sarah Hein ("Hein"), and Defendants AT&T Operations, Inc. ("AT&T"), David Ohrn ("Ohrn") and Michael Henry ("Henry") (collectively "Defendants"), submit the following Stipulated E-Discovery Plan and state as follows:

**I.   SCOPE**

    A.    This stipulated e-discovery plan ("Protocol") applies to the electronically stored information ("ESI") provisions of Fed. R. Civ. P. 16, 26, 33, 34, or 37, and insofar as it relates to ESI, this Protocol also applies to Fed. R. Civ. P. 45 in all instances where the provisions of Rule 45 are the same as, or substantially similar to, Rules 16, 26, 33, 34, or 37.

    B.    In this Protocol, the following terms have the following meanings:

        1.    "Meta-Data" means: (i) information embedded in a Native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native file; and (ii) information generated

        automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. Meta-Data is a subset of ESI.

2. "Native File(s)" means ESI in the electronic format of the application in which such ESI is normally created, viewed and/or modified. Native Files are a subset of ESI.

3. "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard computer systems. In the absence of agreement of the parties or order of Court, a Static Image should be provided in either Tagged Image File Format (TIFF, or .TIF files) or Portable Document Format (PDF). If load files were created in the process of converting Native Files to Static Images, or if load files may be created without undue burden or cost, load files should be produced together with Static Images.

## II.  GOOD FAITH DISCLOSURE

A. The parties will make disclosures in good faith, based on information reasonably known to them and on its investigation to date. The parties recognize that their investigation in these matters is ongoing, and they reserve their right to revise, correct, supplement, amend or clarify any of their disclosures. The parties' disclosures are also without prejudice to their positions regarding the scope of ESI. The parties do not waive and expressly reserve:

    1.    Any objection as to authenticity, competency, relevancy, materiality, privilege, and admissibility as evidence, for any purpose, in this or in any subsequent proceeding(s), of any of the documents or information therein or the subject matter thereon;

    2.    The right to object to the use of any of its responses, or the subject matter thereof, in this or in any subsequent proceeding(s), on any ground; and

    3.    The right to object on any ground at any time to a demand for further response(s) to these or other document requests or any other discovery procedures.

    4.    The parties consider the information contained herein to be confidential information subject to the terms of the Protective Order entered by the Court in this litigation.

### III. STEPS TAKEN TO PRESERVE ESI

    A.    In order to preserve the sources and locations of ESI reasonably expected to contain discoverable information relevant to the claims in this action, the parties:

        1.    Plaintiff's Statement:

            a.    Plaintiff, with the assistance of IT personnel, has preserved a partial copy of all ESI in Plaintiff's possession and control; and

            b.    Plaintiff's counsel has informed Plaintiff of her duty to preserve relevant ESI.

        2.    Defendants' Statement:

            a.    Defendants have sent preservation notices to all applicable key personnel instructing them to preserve relevant ESI;

      b.      Defendants have, where appropriate, with the assistance of their IT personnel, if necessary, taken additional backups, altered backup procedures, and/or instructed custodians not to delete data from databases and other IT systems in order to ensure that the data in those systems is preserved to the greatest extent practicable; and

      c.      Defendants have instructed where Meta-Data, or data that has been deleted but not purged, is to be preserved and executed a method to preserve such data. AT&T's backup system is used for disaster recovery purposes and information on backup tapes is maintained for 14 days.

## IV. INITIAL LIST OF KEY CUSTODIANS

A. Based on their investigations to date, which are continuing, the parties identify the following Key Custodians:

1. Plaintiff designate the following:

   Sarah Hein

2. Defendants designate the following:

   Bob Hannagan, Senior Operations Team Leader

## V. DATA LOCATIONS

A. Based on their investigations to date, which are continuing, the parties identify the following Data Locations which *may* contain discoverable data that is relevant to the claims and defenses in this case, however, by identifying such Data Locations, the parties are not representing that such Data Locations *actually contain* discoverable data that is relevant to the claims and defenses in this action:

    1.    Plaintiffs designate the following:

        a.    Ms. Hein's personal computers and external hard drive

        b.    Partial back up ESI on CD/DVD

        c.    Defendant AT&T's Microsoft Exchange Server

        d.    Defendant AT&T's Voicemail System

        e.    Yahoo Internet Mail Server

These systems (listed as a – e) contain confidential information. Any review of these systems must be in accordance with the Protective Order for this case.

    2.    Defendants designate the following:

        a.    The personal computers of Defendants Ohrn and Henry; the eAMT system; the ECRM System; the ODIN system and the Docviewer and ECATs systems. These systems contain AT&T confidential, proprietary and trade secrete information, some of which is governed by nondisclosure and confidentiality agreements between AT&T and certain of its customers. Any review of these systems must be in accordance with the Protective Order for this case and, in certain situations, after AT&T obtains authorization to disclose this information from its customers.

## VI.  BACK UP TAPES

    A.    Plaintiffs' discussion of backup tapes.

        1.    No backup tapes of Plaintiffs' data have ever been created. A partial back up of Plaintiff's ESI was made by IT systems personnel on February 18,

          2009 and April 20, 2009.

    B.    Defendants' Discussion of backup tapes.

        1.    AT&T's backup tapes are used for disaster recovery purposes and the information in the backup tapes is maintained for 14 days.

## VII. E-MAIL SYSTEMS

    A.    The parties identify the following list of e-mail systems in use for the period April 18, 2007 through May 21, 2008, without conceding the discoverability of e-mails, or any other document or information, created or prepared prior to and/or after the date the Complaint was filed in this matter.

        1.    Plaintiff identifies e-mail systems:  Yahoo Internet Mail, Defendant AT&T's Microsoft Exchange Server

        2.    Defendants identify e-mail systems:  Microsoft Exchange

## VIII. INSPECTION OF ESI

    A.    On-site inspection of ESI under ~~C.R.C.P.~~ Fed.R.Civ.P. 34 should only be permitted in circumstances where good cause and specific need have been demonstrated by the party seeking disclosure of ESI, or by agreement of the parties.  In appropriate circumstances the Court may condition on-site inspections of ESI to be performed by independent third party experts, or set such other conditions as are agreed by the parties or deemed appropriate by the Court.

## IX. EXCHANGE OF ESI INFORMATION

    A.    Within 30 days after Court approval of this E-Discovery Plan, the parties will exchange information to the extent necessary, relating to network design, the types of databases, database dictionaries, the access control list and security

        access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overnight policy.

    B.    Within 30 days after Court approval of this E-Discovery Plan, the parties will also discuss whether an ESI coordinator is necessary. If one party believes that the other should have an ESI coordinator, and the other disagrees, the requesting party should state their reasons in a writing sent to the other party within 40 days after Court approval of this E-Discovery Plan. If the parties can not agree on whether to have an ESI coordinator, the requesting party shall submit the issue to the Court.

    C.    Within 30 days after Court approval of this E-Discovery Plan, the parties will also discuss whether ESI is relevant to only some or all claims and defenses in the litigation and the nature of specific types of ESI, including, email and attachments, word processing documents, spreadsheets, graphics and presentation documents, images, text files, hard drives, databases, instant messages, internet data, computer logs, native files, and how it should be preserved. The parties will also discuss whether production of some or all ESI in paper format is agreeable in lieu of production in electronic format and the costs of such production. If the parties can not agree, the matter shall be submitted to the Court.

**X.    SOURCES OF ESI THAT ARE NOT REASONABLY ACCESSIBLE BECAUSE OF UNDUE BURDEN OR COST**

    A.    Based on their investigations to date, which are continuing, the parties identify

the following sources of ESI that are not reasonably accessible because of undue burden or cost:

1. Plaintiffs identify: Plaintiff is not aware of any ESI that is not reasonably accessible.

2. Defendants identify: AT&T's backup system is used for disaster recovery purposes and information on backup tapes is maintained for 14 days.

## XI. ESI AND DOCUMENT PRESERVATION POLICIES AND PROCEDURES

A. Plaintiffs statement: Plaintiff does not currently have personal ESI and document preservation policies and procedures. Plaintiff is aware of her duty to preserve relevant ESI.

B. AT&T Records and Information Management Policy governing the retention of company documents.

## XI. CONCLUSION

This Protocol and disclosures are based on the parties current knowledge, information, and belief, and the current state of their ongoing investigations and discovery. The parties understand they have a continuing duty to preserve the sources and locations of ESI reasonably expected to contain discoverable information relevant to the claims in this action. If any additional ESI comes to the attention, possession, custody or control of the parties or their attorneys subsequent to this Order, the parties understand that this Order applies equally to the newly discovered ESI and that they are required to promptly supplement or amend their responses contained on this Order.

The parties reserve the right to revise, correct, supplement, amend, or clarify any of the information set forth herein.

DATED at Denver, Colorado, this 24th day of June, 2009.

                                     BY THE COURT:

                                     s/ Craig B. Shaffer
                                     Craig B. Shaffer
                                     United States Magistrate Judge

DATED:  JUNE 8, 2008

| s/STACEY A. CAMPBELL | s/Rosemary Orsini |
|---|---|
| STACEY A. CAMPBELL | Rosemary Orsini |
| LITTLER MENDELSON | BURG SIMPSON ELDREDGE |
| 1200 17th Street | HERSH & JARDINE, P.C. |
| Suite 1000 | 40 Inverness Drive East |
| Denver, CO  80202.5835 | Englewood, Colorado 80112 |
| Telephone:  303.629.6200 | Telephone: 303. 792.5595 |
|  | ATTORNEY FOR PLAINTIFF |
| ATTORNEYS FOR DEFENDANTS AT&T OPERATIONS, INC., DAVID OHRN AND MICHAEL HENRY |  |