IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00291-WYD-CBS

SARAH HEIN,

    Plaintiff,

v.

AT&T OPERATIONS, INC.
DAVID OHRN, and
MICHAEL HENRY,

    Defendants.

## ORDER PROTECTING CONFIDENTIAL MATERIAL

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Sarah Hein ("Hein") and Defendants, AT&T Operations, Inc. ("AT&T"), David Ohrn ("Ohrn") and Michael Henry ("Henry") (collectively "Defendants"), agree that this Order shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admission, inspection, examinations of premises, facilities and physical evidence, and any other information produced, given or exchanged by and among the parties and non-parties to this action.

## **RECITALS**

A.    Plaintiff sued Defendants for alleged violations of the Sarbanes-Oxley Act of 2002, wrongful discharge in violation of public policy and extreme and outrageous conduct. Defendants deny Plaintiff's claims.

B.    Some of the information the parties may seek or develop through discovery in this

case may contain or consist of information that the producing party will claim is confidential, proprietary, commercial, personal, or trade secret information, and, therefore entitled to protection under one or more of the provisions of Federal Rule of Civil Procedure 26(c).

C. Nothing in this Stipulated Order is intended, nor shall it be construed, as either a waiver or an admission that any documents or information are admissible or contain either confidential, proprietary, personal, or commercial information or trade secrets. This Stipulated Order is simply a procedural framework to facilitate the discovery process and/or provide protections concerning documents and information exchanged between and among the parties and non-parties in this case. No part of this agreement shall be used in this action or any other action as evidence that any party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as confidential, personal, or proprietary business information, and/or trade secrets.

D. Based on these recitals and the terms of disclosure that follow, the parties have agreed to this Stipulated Order to facilitate the efficient production of information that the producing party may claim is entitled to confidential treatment, while at the same time protecting the parties' interests in the confidential treatment of that information and the full and fair disclosure of discoverable information in this action.

E. Neither the entry of this Order, the designation of any materials as "Confidential" or the failure to make such designation shall be construed as a concession by the disclosing party that such material or information is relevant or material to any issues of this litigation; operate as an admission that information marked "Confidential" is confidential, proprietary or a "trade secret"; or operate as an admission by any party that any particular information is or is not admissible in evidence.

F.   Neither the signing of this Order nor the disclosure and designation of material as "Confidential" pursuant hereto shall be construed as a waiver of, or preclude any party from raising, any objection to discovery or asserting any and all privileges against disclosure otherwise available to such party under applicable law, including but not limited to, attorney-client privilege and work product.

G.   Nothing herein shall affect or restrict the rights of any party with respect to the use or disclosure of documents or information obtained or developed independently of documents, transcripts and materials designated confidential pursuant to this Order.  This provision does not apply to documents or information obtained or developed during Ms. Hein's employment at AT&T.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.   **"Confidential Discovery Material"** means Discovery Material designated as "Confidential" under the terms of this Order.

B.   **"Designating Party"** means any Producing Party or other party to this action or non-party producing Discovery Material who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

C.   **"Discovery Material"** means all documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admissions, inspections, examinations of premises, facilities and physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties and non-parties to this action.

D.   **"Producing Party"** means any party or non-party to this action producing Discovery Material.

## TERMS

**Discovery Material.**

1. Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order. The burden shall be on the Designating Party to prove, when and if challenged, that such Discovery Material contains non-public, proprietary, commercially or competitively sensitive, confidential or personal information that requires the protections provided in this Order. Subject to the foregoing, Confidential Discovery Material may include, but is not limited to, the following types of information.

    a. Non-public revenue, cost, income, pricing, margin, profit, loss, income statement, balance sheet, cash flow, sources and uses of cash, change in shareholder equity or other non-public financial data, including financial projections and forecasts containing such data;

    b. Non-public information relating to proposed sales, advertising, marketing, supplier or product development strategies;

    c. Materials constituting or containing research on specific products or investments, whether in particular entities, industries or sectors;

    d. Any material constituting a trade secret, including, without limitation, modeling techniques, algorithms, software, product specifications, product designs, product development plans, research and development plans and data, market surveys and analyses, customer lists, customer profiles, customer purchase history information, customer complaint and satisfaction information and the like;

    e. Non-public studies or analyses by internal or outside experts or consultants

(excluding testifying experts in this case); and

    f.    Any other material qualifying for protection under Fed. R. Civ. P. 26(c).

    g.    Confidential medical information including medical records.

    h.    Personal data including financial information.

    i.    Tax returns.

2.    Confidential Discovery Material, and information derived from Confidential Discovery Material, shall be used solely for purposes of this action and shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation. Nothing in this Paragraph or in this Stipulation shall affect any obligation to comply with lawful process.

**Designation Procedure.**

3.    The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Designating Party:

    a.    In the case of documents (apart from recorded testimony), by stamping each and every page to be designated "Confidential" with the applicable legend "Confidential."

    b.    In the case of depositions or testimony, by a statement on the record, by counsel, at the time of such testimony that said testimony is "Confidential." Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified. To be effective, such notice must be sent within 21 days of the date on which the reporter mails a copy of the transcript to counsel for the Designating Party, or, if such counsel has not ordered a transcript, within 21 days of the date that the reporter notifies counsel that the original transcript is available for review. In either event, counsel shall direct the court reporter and/or

counsel to affix the confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

        c.        In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement of counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential."

        d.        In the case of any other production of Discovery Materials not otherwise specifically identified above, including but not limited to computer storage devices, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or any portion thereof is "Confidential."

        e.        The parties to this Order may modify the procedures set forth in paragraphs 3 (b)-(c) of this Order through agreement of counsel on the record at such deposition or, in the case of an interview, in the presence of counsel attending such interview, without further order of the Court.

        f.        Nothing within this Order shall preclude a party from designating materials as "Confidential" after production of a document or information that was inadvertently not designated as "Confidential," provided that written notice is provided to counsel for all parties specifying the document or information and corresponding designation.

        g.        If any party inadvertently discloses "Confidential" material to a person or persons other than those listed in this order, that party shall promptly notify the designating party of the disclosure and undertake all reasonable efforts to retrieve the designated material and provide the designating party with notification of the resolution in retrieving the designated material.

**Confidential Material.**

4.  Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

    a.  The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    b.  Any named party, counsel of record to such parties, in-house counsel for the corporate parties to this action to whom disclosure is reasonably necessary for prosecution or defense of the action and, employees of the corporate parties to whom disclosure is reasonably necessary for prosecution or defense of the action, and legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services to whom disclosure is reasonably necessary for prosecution or defense of the action and;

    c.  Experts or consultants retained by counsel in connection with this action in accordance with the terms of paragraph 6;

    d.  Deposition witnesses questioned by counsel of record for a party in connection with this action, but only to the extent that confidential information is expected to be used or raised in the deposition by counsel noticing the deposition and in that case. If confidential information is expected to be used or raised during such a deposition, counsel shall advise opposing counsel that confidential information is expected to be used or

                raised in the deposition by counsel in advance of the deposition or prior to beginning inquiry which could raise confidential information. In turn, counsel may contact the Court issuing the deposition subpoena and seek further relief under Rule 26(c) as appropriate.

      e.      An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action;

      Nothing in the foregoing Paragraph or in this Stipulation shall affect the parties' rights to a public trial.

**Designation Disputes.**

      5.      If any party objects to the designation of any Discovery Materials as "Confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are unable to resolve the dispute informally, the Designating Party may move for protection under this Order with respect to the challenged Discovery Material within fifteen (15) days after the objecting party notifies the Designating Party that informal resolution efforts have been completed. Failure to so move within 15 days waives the designation(s). If the Designating Party makes such a motion, the Discovery Material shall continue to be deemed "Confidential," under the terms of this Order, until the Court rules on such motion. In any proceeding to protect Confidential Discovery Material, or to change the designation of any such material, the burden shall be upon the Designating Party to establish the appropriateness of the classification under Fed. R. Civ. P. 26(c). A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

**Use of Confidential Discovery Material.**

6.	Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling the expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions, or to otherwise assist counsel in the prosecution or defense of this action. Before receiving any such material, the consultant or expert shall sign an Undertaking agreeing not to disclose or use Confidential Discovery Materials for purposes other than those permitted pursuant to the terms of this Order.

7.	No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed in subsections (a)-(c) of paragraph 4 above. To the extent authorized persons make or obtain copies of Confidential Discovery Materials, any copies shall be used solely for the purposes of this action and in accordance with the provisions of this Order.

8.	When filing any documents that contain information designated Confidential Discovery Material, the parties shall comply with all applicable rules. Such documents shall be filed in sealed envelopes with a copy of a cover page affixed to the outside of the envelope. The cover page must include:

    (1)	The case caption;

    (2)	The title of the paper or document;

    (3)	The name, address and telephone number of the attorney filing the paper or document;

Additionally, the cover sheet will bear a statement substantially in the following form:

**CONFIDENTIAL**
**FILED UNDER SEAL PURSUANT TO AN ORDER DATED _____, 2009 GOVERNING CONFIDENTIALITY OF**

**DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR REVEALED EXCEPT BY OR TO COURT PERSONNEL OR BY COURT ORDER.**

All materials filed under seal shall be released from confidential treatment only upon further order of the Court. Any party who desires to file documents under seal must move the Court to file the documents under seal.

9. When Confidential Discovery Material is quoted or summarized in the body of a brief or pleading, the party filing the brief or pleading shall redact the Confidential Discovery Material from any copy of the brief or pleading that will be placed in the public record.

10. The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material was produced, all persons having received Confidential Discovery Material shall either return all Confidential Discovery Material and all copies of Confidential Discovery Material (including summaries and excerpts) to the Producing Party or its counsel or destroy all such Confidential Discovery Material and certify in writing to the Designating Parties or their counsel that such destruction has occurred. Counsel for the parties shall be entitled to retain court papers, deposition, hearing and trial transcripts and exhibits, and attorney work product that contains Confidential Discovery Material or references to Confidential Discovery Material; <u>provided</u> that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such court papers, transcripts or attorney work product except

pursuant to court order or agreement with the Designating Party.

11. If any person receiving or with possession, custody or control of Confidential Discovery Material is served with a subpoena, demand, or any other legal process seeking Confidential Discovery Material by one not a party to this action, the receiving party shall give prompt written notice, by hand or facsimile transmission or e-mail within ninety-six (96) hours of its receipt of the subpoena, demand or legal process, to the Designating Party. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Confidential Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

12. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of the executed Order to all other counsel in this action.

13. Neither this Order, the production or receipt of Confidential Discovery Material, nor otherwise complying with the terms of this Order, shall:

    a. Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

    b. Prejudice in any way the rights of any party to object to the authenticity or

          admissibility into evidence of any document (or portion of any document), testimony or other evidence subject to this Order;

c.   Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the party asserts requires or should be subject to other or further protection;

d.   Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular Discovery Material; or

e.   Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential."

14.   Nothing in this Order shall prevent any party to this action from using, for any purpose, and in any manner, Confidential Discovery Material that the party produced and designated as Confidential Discovery Material in connection with this action.

15.   Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

16.   This stipulation shall be binding on the parties prior to its entry as an Order. Should the Court not enter this stipulation as an Order, it shall remain binding upon the parties until such time as the Court enters a different protective order providing substantially similar protections to those contained in this stipulation.

DATED at Denver, Colorado, this 21st day of July, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

SO STIPULATED AND APPROVED:

DATED:  July 15, 2009

DATED:  July 15, 2009

___s/ Stacey A. Campbell_____
Stacey A. Campbell
LITTLER MENDELSON P.C.
1200 17th Street, Suite 1000
Denver, CO 80202-5835
Telephone: 303.629.6200
Facsimile: 303.629.0200
ATTORNEYS FOR DEFENDANTS
AT&T OPERATIONS, INC.,
DAVID OHRN AND
MICHAEL HENRY

___s/Rosemary Orsini_____
Rosemary Orsini
BURG SIMPSON ELDREDGE
 HERSH & JARDINE, P.C.
40 Inverness Drive East
Englewood, Colorado 80112
Telephone:  303. 792.5595
 ATTORNEY FOR PLAINTIFF