IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00291-WYD-CBS

SARAH HEIN,

      Plaintiff,

v.

AT&T OPERATIONS, INC.,
DAVID OHRN and MICHAEL HENRY,

      Defendants.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court on Plaintiff's Motion to Review Costs Taxed by

Clerk (ECF No. 124) filed on January 26, 2011.  Plaintiff Sarah Hein seeks to reduce

costs taxed by the Clerk in favor of the Defendants pursuant to Fed. R. Civ. P. 54(d)(1).

Defendants filed a response to Plaintiff's motion on February 22, 2011.  Subsequently,

Plaintiff filed a reply in support of the motion on March 14, 2011.  For the reasons stated

below, I find that Plaintiff's motion must be denied.

II.    <u>BACKGROUND</u>

    On December 17, 2010, I ordered that Defendants' Motion for Summary

Judgment (ECF No. 85) be granted and Plaintiff's claims against the Defendants be

dismissed with prejudice.  I found that Plaintiff's First Amended Complaint did not

establish a genuine issue as to any material fact regarding her claims against

Defendants.  I dismissed the following three claims arising out of her employment with

Defendant AT&T Operations, Inc.: (1) retaliation in violation of the Sarbanes-Oxley Act

of 2002 ("SOX"); (2) wrongful discharge in violation of public policy; and (3) outrageous

conduct.  I held that SOX did not provide a remedy to Plaintiff because AT&T

Operations, Inc., her employer, is a subsidiary of a publicly traded holding company.

Additionally, SOX provides the only remedy for Plaintiff's Colorado public policy tort

claim.  Lastly, I found that Defendants' conduct did not rise to the level of being so

outrageous in character to support an outrageous conduct claim as a matter of law.

Following my decision to grant Defendants' Motion for Summary Judgment,

Defendants tendered their bill of costs for review by the Clerk of the Court in the amount

of $20,589.77.  (ECF No. 123).  On January 19, 2011, the Clerk taxed costs in favor of

the Defendants and against Plaintiff in the total amount of $11,289.04.  (Id.)  In her

pending motion, Plaintiff requests that the costs taxed by the Clerk should be reduced to

$4,836.30.  (ECF No. 124).

Plaintiff disputes $6,452.74 in costs taxed by the Clerk for eleven deposition

transcripts and costs incident to taking depositions that were not used in briefing the

motion for summary judgment.  Plaintiff alleges that the Clerk should not have taxed

costs associated with depositions that were neither used at trial, nor used in connection

with the motion for summary judgment based on my decision in *Karsian v. Inter-*

*Regional Financial Group*, 13 F. Supp. 2d 1085, 1088 (D. Colo. 1998).  Plaintiff contests

that the Clerk taxed these costs based on a mistaken interpretation of whether the costs

of transcripts for individuals are taxable because the individuals did not testify at trial but

their names appeared on the pretrial order and one of the parties' final witness list.  *Id.*

Plaintiff does not dispute the costs for seven deposition transcripts, totaling

$4,487.30, used in connection with Defendants' successful motion for summary

judgment.  (Id.)  However, because only the depositions of Dr. Wilets and Dr. Starkey

were used in connection with the motion for summary judgment, Plaintiff claims that the

correct taxable costs are as follows: line item for witness fees is $80.00, the total

mileage fees for witnesses at depositions is $11.55, and the total service of process for

depositions is $188.  (Id.)  Plaintiff does not dispute the printing cost of $69.45.  (Id.)

Defendants agree with the costs taxed by the Clerk, and therefore oppose this

motion.  Defendants assert that the costs associated with the eleven deposition

transcripts are taxable by the Clerk of the Court.  Defendants request that the award be

affirmed for the following reasons: (1) the deposition and associated costs were

reasonably necessary at the time they were incurred; (2) the witness depositions were

necessary for the preparation of the case; and (3) the Tenth Circuit provides precedent

supporting the conclusion that the costs should be awarded.

III.    ANALYSIS

A.    Standard of Review

The Federal Rules of Civil Procedure provide that costs, other than attorney's

fees, "should be allowed to the prevailing party" unless "a federal statute, these rules, or

a court order provides otherwise."  Fed. R. Civ. P. 54(d).  The term "costs" as used in

Rule 54(d) allows a judge or clerk of any court of the United States to tax costs for

transcripts and copies "necessarily obtained for use in the case."  28 U.S.C. § 1920(2) &

(4); *In re Williams Securities Litigation*, 558 F.3d 1144, 1147 (10th Cir. 2009).

"A prevailing party bears the burden of establishing the amount of costs to which it is entitled." *Id.* at 1148.  The Tenth Circuit has "establish[ed] that the amount a prevailing party requests 'must be reasonable.'  Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the 'non-prevailing party to overcome' the presumption that these costs will be taxed." *Id.*  I am, therefore, required to determine whether Defendants' requests are reasonable, and if so, whether Plaintiff's pleadings are sufficient to overcome the presumption that the deposition transcripts and associated costs identified by the Clerk should be taxed.

B.   Recovery of Associated Costs for Deposition Transcripts

Plaintiff moves to exclude associated costs for eleven deposition transcripts taxed by the Clerk of the Court because they were not associated with my order granting summary judgment.  I reject Plaintiff's arguments for two reasons.  First, Defendants incurred costs associated with the eleven deposition transcripts that were "reasonably necessary at the time they were incurred." *Id.* at 1147.  Second, Plaintiff does not overcome the presumption that the associated costs for deposition transcripts are taxable.

1.   Reasonableness of Costs

The Tenth Circuit will "review the district court's award of costs only for an abuse of discretion." *Lewis v. D.R. Horton, Inc.*, 2010 U.S. App. LEXIS 6094, at *27 (10th Cir. Mar. 24, 2010).  "Whether materials were 'necessarily obtained for use in the case is a question of fact that [the Tenth Circuit will] review only for clear error.'" *Id.* (quoting *In re*

*Williams*, 558 F.3d at 1149).  The "necessarily obtained for use in the case" standard articulated in 28 U.S.C. § 1920 allows prevailing parties to recover costs for materials that are "reasonably necessary to the litigation fo the case."  *In re Williams*, 558 F.3d at 1148 (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)).  "[A] prevailing party may not recover costs for materials that merely 'added to the convenience of the counsel' or the district court.'"  *Id.* at 1147.

The Tenth Circuit has rejected the argument "that a district court may only award costs for depositions the district court actually used in deciding summary judgment."  *Id.* at 1149.  The Tenth Circuit has affirmed that "materials may be taxable even if they are not 'strictly essential' to the district court's 'resolution of the case.'"  *Id.* at 1148 (quoting *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)).  Because the "standard is one of reasonableness," if materials or services are "reasonably necessary for use in the case, even if they are ultimately not used to dispose of the matter, the district court can find necessity and award the recovery of costs."  *Id.* (quoting *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998)).

The "necessarily obtained for use in the case" standard acknowledges that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation, including the possibility of trial."  *Callicrate*, 139 F.3d at 1340 (quotations omitted).  The Tenth Circuit has been unwilling to "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for

proper preparation of the case." *Id.* The Tenth Circuit has also held that any "rule that permits costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment is narrower than section 1920." *Merrick v. Northern Natural Gas Company*, 911 F.2d 426, 434 (10th Cir. 1990).

2.   <u>Whether Defendants' Requests are Reasonable</u>

First, Plaintiff seeks to reduce costs taxed by the clerk arguing that Defendants' request for costs was unreasonable because Defendants did not use the eleven disputed deposition transcripts in their successful motion for summary judgment. Plaintiff relies on my 1998 decision in *Karsian* to argue that transcription costs are taxable, even if the individuals do not testify at trial, if their names appeared on both the pretrial order and on at least one of the parties' final witness lists. *Karsian*, 13 F. Supp. 2d at 1088.

In response, Defendants maintain that costs associated with the eleven disputed deposition transcripts were reasonably necessary at the time they were incurred. Since my 1998 decision in *Karsian*, the Tenth Circuit has more recently clarified that the prevailing standard for whether costs are taxable is based on whether it was "necessarily obtained for use in the case." *In re Williams*, 558 F.3d at 1147. Thus, I agree that Defendants' requests for costs associated with the disputed deposition transcripts are reasonable because they were necessarily obtained for use in the case.

Reasonableness must be based on the "particular facts and circumstances at the time the expense was incurred" and not with the "benefit of hindsight." *Id.* at 1148 (citation omitted). Here, six of the disputed deposition transcripts are associated with

deposing Plaintiff, and Defendants assert that they were forced to continue her deposition on multiple occasions to accommodate symptoms associated with her alleged ADD and PTSD.  (ECF No. 125 at 5.)  Defendants further contend that the two depositions of Dr. Hargett were reasonably necessary at the time they were taken because Dr. Hargett was both Plaintiff's treating physician and designated by Plaintiff as one of her expert witnesses.  (Id. at 6.)  Defendants further assert that the two depositions of Dr. Disorbio were reasonably necessary at the time because Dr. Disorbio stated that he never diagnosed Plaintiff with PTSD, contrary to Plaintiff's sworn testimony.  (Id.)  Finally, Defendants state that the Clerk of the Court awarded costs for depositions that were cited by both parties in the Final Pretrial Order.  (ECF No. 99.)  Defendants believed each witness listed on the Final Pretrial Order was "reasonably necessary because Plaintiff simultaneously listed those witnesses as being reasonably necessary for the trial."  (ECF No. 125 at 7.)  Thus, I find that the disputed depositions were not merely added for Defendants' convenience, but instead the depositions were reasonably necessary at the time they were incurred to prepare for the possibility of trial.

For the foregoing reasons, I deny Plaintiff's Motion to Review Costs because Defendants have sufficiently alleged that the associated costs of the disputed deposition transcripts are reasonable pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, because the depositions were necessarily obtained for use in the case.

3.      Whether Plaintiff Sufficiently Overcame the Presumption for Taxable Costs

After finding the Defendants' request for costs to be reasonable, I now shift the burden to Plaintiff to overcome the presumption that the associated costs of the disputed deposition transcripts should be taxed.  *In re Williams*, 558 F.3d at 1148. Here, instead of assuming, *arguendo*, that she would need to overcome the presumption that the disputed deposition transcripts were reasonable, Plaintiff mistakenly asserts that "the only 'presumption' that comes into play is that the seven deposition transcripts actually used in connection with the motion for summary judgment should be taxed."  (ECF No. 128 at 5.)  I find that Plaintiff failed to satisfy her burden of overcoming the presumption that Defendants requested a reasonable amount.[1]

Accordingly, I agree with Defendants that the Clerk's Award of Costs to Defendants should be affirmed in the amount of $11,289.04, and I deny Plaintiff's motion because she fails to overcome the presumption that the costs associated with deposition transcripts should be taxed.

---

[1] Defendants did not address whether the deposition of Dr. Metzner was reasonably necessary at the time it was taken, but I determine that Defendants should recover the associated transcript cost of $374.25, because Plaintiff failed to overcome the presumption in favor of awarding costs to the prevailing party.

IV.     <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Review Costs Taxed by Clerk is **DENIED**.

Dated:  April 20, 2011

BY THE COURT:


s/ Wiley Y. Daniel_____
Wiley Y. Daniel
Chief United States District Judge